UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HAILE NEIL, et al., | No. 2:19-cv-2441 TLN DB PS |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF COLUSA, et al., | |
| Defendants. | |

On April 13, 2020, defendants filed a motion for protective order and noticed the motion for hearing before the undersigned pursuant to Local Rule 302(c)(1).  (ECF No. 21.)  The motion is set for hearing on June 19, 2020.  (ECF No. 22.)  The parties filed a Joint Statement re Discovery Disagreement pursuant to Local Rule 251 on June 12, 2020.  (ECF No. 23.)

Plaintiffs assert that "Defendants' counsel did not adequately meet-and-confer with Plaintiffs' counsel, prior to filling the instant motion."  (Id. at 8.)  Defendants argue that they "have exhausted meet and confer efforts . . . before filing the instant motion."  (Id. at 10.)  However, the undersigned's Standard Information re discovery disputes set forth on the court's web page explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement.  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

1

Moreover, the undersigned's Standard Information also explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Here, the parties' joint statement exceeds the undersigned's twenty-five-page limit.  Accordingly, defendants' motion will be denied without prejudice to renewal and the June 19, 2020 hearing vacated.  However, the undersigned has reviewed the parties' Joint Statement and will provide some guidance, should the parties find it helpful during meet and confer.

In this regard, plaintiffs contend that this "discovery dispute concerns Defendant County's request for issuance of a 'blanket' protective order[.]"  (ECF No. 23 at 4.)  Defendants, however, explain that the dispute involves only "the production of three Internal Affairs . . . investigations and related materials," which defendants are willing to produce "pursuant to a protective order[.]"  (Id. at 6.)  And defendants explain that

> . . . the protective order would merely allow Defendants to initially designate the documents as confidential.  If Plaintiffs disagree with the designation, all Plaintiffs would have to do is inform Defendants' counsel that they disagree with the designation, and the burden would shift back to Defendants to file a Motion for Protective Order to get a Court ruling that the documents are confidential or Plaintiff would be allowed to publicly share them.  That way, Plaintiffs would have been able to review the documents before potentially unnecessarily involving the Court.

(Id. at 7.)  Without commenting on the parties' specific dispute, the procedure described by defendants is consistent with the undersigned's experience when dealing with such documents.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' April 13, 2020 motion for protective order (ECF No. 21) is denied without prejudice to renewal; and

2. The June 19, 2020 hearing is vacated.

DATED: June 16, 2020                                        /s/ DEBORAH BARNES
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.