Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF HAILE NEIL,
TARA KUCK, and MICHAEL NEIL

PORTER | SCOTT
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
350 University Ave., Suite 200
Matthew W. Gross, SBN 324007
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF COLUSA, COLUSA COUNTY
SHERIFF'S DEPARTMENT, and JOE GAROFALO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HAILE NEIL, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF COLUSA, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-02441 TLN DB<br><br>**STIPULATED PROTECTIVE ORDER RE: INVESTIGATION REPORTS;<br>ORDER** |

Pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1, the Court issues the following protective order:

**1.    INFORMATION COVERED**

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c).

1

Covered Information:

Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this Protective Order is limited to the following:

(A) "Investigation Report" from Colusa County Sheriff's Office's Administrative Investigation concerning the death of Hail Neil [Bates Nos. COUNTY 01452-01470];

(B) "Investigation Report" from Colusa County Sheriff's Office's Citizen Complaint No. 2019-004 [Bates Nos. COUNTY 01376-01388];

(C) Investigator Notes of interviews of witnesses for Citizen Complaint No. 2019-004 [Bates Nos. COUNTY 01389-01451];

(D) Recorded/Transcribed Interviews with witnesses by investigators [Bates Nos. COUNTY 01471-01505, 01533-01571];

(E) DMV/DOJ Reports [Bates Nos COUNTY 01506-01513]; and

(F) "Investigation Report" from Colusa County District Attorney's Bureau of Investigation Case No. #DA2019-0415 [Bates Nos. COUNTY 01514-01532].

The Court and the parties acknowledge the possibility that these records contain sensitive and private information that is not relevant to this action or subject to disclosure, such as but not limited to home addresses, contact information, social security numbers, dates of birth, etc. The Court permits Defendants' pre-production redaction of such limited information, to the extent that any redacted documents are accompanied by a redaction log/designation obviously identifying each instance of redaction and the information redacted.

Particularized Need for Protection:

Pursuant to E.D. Cal. L.R. 141.1(c)(2), Defendants maintain that a specific, particularized need for protection as to the information covered by this Protective Order exists. In good faith, Defendants certify to the Court that the materials designated to be covered by this Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c)—if Defendants had appropriately

\\\
\\\
\\\

2

and timely sought a protective order under Fed. R. Civ. P. 26(c)[1]—and does not include information which has been subject to protection on a blanket or indiscriminate basis. *See*, *e.g.*, *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (identifying the two-part test for obtaining a protective order under Fed. R. Civ. P. 26(c)). This Court has not viewed the documents covered by this Protective Order prior to its issuance and, as a result, relies on Defendants and their counsels' representations concerning the appropriateness of this Protective Order.

Showing of Need for a Protective Order:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this Protective Order is for the convenience of the parties and the Court. The Court seeks to avoid litigation and expenditure of resources concerning a potential Fed. R. Civ. P. 26(c) motion for protective order. The entry of this Protective Order prevents the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection under Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn [Fed. R. Civ. P.] 26(c) on its head."). As a result, production may be made with this Protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this Protective Order.

**2.    SCOPE**

The protections conferred by this Protective Order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or

---

[1] The Court does not find that a party challenging protection has waived, forfeited, or abandoned any contention that Defendants failed timely and appropriately to move for a protective order under Fed. R. Civ. P. 26(c), by entering this Protective Order. If this Protective Order is subject to challenge, the party challenging protection will be permitted to raise these arguments.

obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

### 3. ACCESS AND USE

Information covered by this Protective Order may be disclosed only to the parties and the parties' counsel and their personnel, experts, or professional vendors (*e.g.*, private investigators, professional jury, trial consultants, mock jurors, etc.), and must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons to whom access and use is permitted.

Nothing in this Protective Order shall limit or prevent a party from introducing or questioning a party concerning the information covered by this Protective Order during the course of discovery or taking of testimony, including depositions. If necessary, a party may seek to designate specific portions of testimony subject to Fed. R. Civ. P. 26(c) protection.

### 4. CHALLENGES

Any party or non-party to this action may challenge the appropriateness of this Protective Order at any time, including after the action has been disposed or terminated. The party or non-party challenging this Protective Order does not waive its right to challenge by electing not to mount its challenge promptly after the entry of this Protective Order or after the production of documents covered by this Protective Order. This Court retains jurisdiction of this Protective Order.

If the Court determines that the materials which Defendants and their counsel represented to this Court were subject to Fed. R. Civ. P. 26(c) protection are not, in fact, subject to such protection, expenses or sanctions may be awarded pursuant to Fed. R. Civ. P. 37(c).

<u>Challenge Procedure</u>:

Any party or non-party challenging this Protective Order shall initiate the dispute resolution process by providing written notice of each document or piece of information covered by this Protective Order which is being challenged and by describing the basis for each such challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring, either via telephone or in-person, within fourteen (14) days of the date of service of the challenger's notice. The challenging party must: (1) explain the basis for its belief that the confidentiality designation was not proper; and (2) provide the opposing party an opportunity to review the challenged material(s), a period

4

**STIPULATED PROTECTIVE ORDER RE: INVESTIGATION REPORTS**
*Estate of Neil v. County of Colusa*, United States District Court, Eastern District of California, Case No. 2:19-cv-02441-TLN-DB

of which shall not exceed seven (7) calendar days, and to respond.

Within seven (7) days of the parties' conference, the opposing party must either: (A) rescind the protection conferred by this Protective Order by filing a notice with the Court, if the opposing party believes that the challenge is meritorious or does not wish to object to the challenge; or (B) defend and explain the basis for the appropriateness of the Fed. R. Civ. P. 26(c) protection. If the opposing party does not take the required action within seven (7) days of the parties' conference, the challenged documents or information is automatically discharged from this Protective Order, and Fed. R. Civ. P. 26(c) protection no longer applies.

If the parties cannot resolve a challenge without Court intervention, the opposing party shall comply with the terms of E.D. Cal. L.R. 251 associated with seeking Fed. R. Civ. P. 26(c) protection. At all times, the burden of demonstrating Fed. R. Civ. P. 26(c) protection shall remain on the opposing party (*i.e.*, the party seeking to maintain Fed. R. Civ. P. 26(c) protection over the documents or information challenged). If the opposing party demonstrates an unwillingness to participate in the challenge procedure outlined above in a timely manner, nothing precludes the challenging party from affirmatively moving to challenge the entry of this Protective Order (*e.g.*, filing a motion to compel, motion to intervene, motion for sanctions, etc.).

**5.     SEALING ORDERS**

Information covered by this Protective Order does not automatically entitle parties to file such information or documents with the Court under seal. Any request to seal documents covered by this Protective Order is governed by E.D. Cal. L.R. 141, which provides that documents may only be sealed by a written order of the Court and after a specific request to seal has been made and the applicable showing demonstrated by the party seeking to seal documents.

\\\
\\\
\\\
\\\
\\\
\\\

5

**STIPULATED PROTECTIVE ORDER RE: INVESTIGATION REPORTS**
*Estate of Neil v. County of Colusa*, United States District Court, Eastern District of California, Case No. 2:19-cv-02441-TLN-DB

IT IS SO STIPULATED.

Dated: July 29, 2020

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
      Mark E. Merin
      Paul H. Masuhara

   Attorneys for Plaintiffs
   ESTATE OF HAILE NEIL,
   TARA KUCK, and MICHAEL NEIL

Dated: July 29, 2020

Respectfully Submitted,
**PORTER | SCOTT**

*/s/ William E. Camy*
(as authorized on July 29, 2020)
By: _____
      William E. Camy

   Attorney for Defendants
   COUNTY OF COLUSA, COLUSA COUNTY
   SHERIFF'S DEPARTMENT, and JOE GAROFALO

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

6

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: July 29, 2020        /s/ DEBORAH BARNES
                            UNITED STATES MAGISTRATE JUDGE

7

**STIPULATED PROTECTIVE ORDER RE: INVESTIGATION REPORTS**
*Estate of Neil v. County of Colusa*, United States District Court, Eastern District of California, Case No. 2:19-cv-02441-TLN-DB