UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HAILE NEIL, TARA KUCK, and MICHAEL NEIL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF COLUSA, COLUSA COUNTY SHERIFF'S DEPARTMENT, CALIFORNIA FORENSIC MEDICAL GROUP, INC., JOE GAROFALO, and DOES 1–50,<br><br>Defendants. | No. 2:19-cv-02441-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendants County of Colusa, Colusa County Sheriff's Department, and Joe Garofalo's (collectively, "Defendants") Request to Seal. (*See* ECF No. 30.) Plaintiffs Estate of Haile Neil, Tara Tuck, and Michael Neil (collectively, "Plaintiffs") filed an opposition under seal. (*See* ECF No. 33.) For the reasons set forth below, the Court DENIES Defendants' request.

///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2019, a California Highway Patrol officer pulled over and detained Haile Neil (hereinafter, "Ms. Neil") due to speeding and driving with her emergency lights on. (ECF No. 1 at 4.) When the officer attempted to restrain Ms. Neil, she produced a knife and stabbed the officer in the shoulder. (*Id.*) That same day, the Colusa County Sheriff's Department booked Ms. Neal into the Colusa County Jail on numerous charges. (*Id.*) Ms. Neil attempted suicide by hanging in her jail cell on April 15, 2019. (*Id.*) Despite efforts to revive her, Ms. Neil did not recover, and her family took her off life support on April 16, 2019. (*Id.* at 5.)

On December 5, 2019, Plaintiffs filed the instant action alleging various federal and state law claims based on Ms. Neil's death. (*Id.*) On January 30, 2020, Plaintiffs served requests for production seeking "[a]ll DOCUMENTS relating to any investigation concerning Haile Neil's death at the Colusa County Jail." (ECF No. 28 at 2.) On April 13, 2020, Defendants objected to this request on several grounds and filed a motion for a protective order. (ECF No. 21.) This Court denied Defendants' motion for a protective order. (ECF No. 24.) On July 29, 2020, the parties stipulated to a protective order covering the in-custody death investigation reports (ECF No. 27), and Defendants produced the investigation reports thereafter. Based on newly discovered information in the reports, Plaintiffs moved the Court for leave to file a First Amended Complaint, with the investigative reports attached as Exhibits L, M, and N.[1] (ECF No. 28-2.) Defendants then filed the instant request to seal the investigative reports pursuant to E.D. Cal. L.R. 141(b). Plaintiffs oppose Defendants' request.

///

---

[1] The three investigative reports at issue are: (1) the Colusa County District Attorney's Office report in Case No. DA2019-0415 (COUNTY 01514-32); (2) the Colusa County Sheriff's Department administrative report (COUNTY 01452-070); and (3) the Colusa County Sheriff's Department citizen complaint in Case No. 2019-004 (COUNTY 01376-88). The District Attorney's investigation focuses on Ms. Neil's manner of death (e.g., homicide or suicide) and identifies several third parties by name. The Colusa County Sheriff's Department's internal investigation consists of interviews with correctional officers on duty at the time of Ms. Neil's suicide attempt. The Colusa County Sheriff's Department's investigation of Plaintiffs' citizen complaint identifies and contains statements from fifteen current or former employees at the Colusa County Sheriff's Department, all regarding Ms. Neil's suicide attempt.

### II. STANDARD OF LAW

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Ninth Circuit describes this "access to [judicial] records [as] an indispensable predicate to free expression about the workings of government." *Courthouse News Svc. V. Planet*, 750 F.3d 776, 785 (9th Cir. 2014). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006). This "federal common law right" generally extends to all records filed with the court and "creates a strong presumption in favor of [public] access." *Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 WL 3549257 (E.D. Cal. June 30, 2016) (quoting *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The party who requests a document sealed "bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. "A failure to meet that burden means that the default posture of public access prevails." *Id.*

In deciding a request to seal, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the 'stringent' compelling reasons standard." *United States ex rel. Schmuckley v. Rite Aid Corporation*, No. 2:12-cv-01699-KJM-EFB, 2020 WL 4898160, at *1 (E.D. Cal. Aug. 20, 2020). "When a motion is unrelated or only tangentially related to the merits of the case, the less stringent 'good cause' standard applies." *Id.* "To establish good cause, a party must show 'for each particular document it seeks to protect . . . that specific prejudice or harm will result' absent sealing." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' will not satisfy the good cause standard." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

///

### III.   ANALYSIS

As a preliminary matter, the parties disagree as to which standard the Court should apply. Arguably the more stringent compelling reasons standard applies because the underlying motion — which seeks leave to amend the Complaint to identify "Doe 1" as the officer responsible for conducting safety checks at the time Ms. Neil attempted suicide — is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1097. However, as will be discussed in more detail below, even if this Court applies the less stringent good cause standard, Defendants still fail to justify sealing the investigative reports.

"[A] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result" if a request to seal is not granted. *Foltz*, 331 F.3d at 1130 (emphasis added). Here, Defendants do not address specific contents of any particular document. Instead, Defendants broadly argue the three investigative reports should be sealed in their entirety because: (1) the public interest in access to the reports is extremely limited; (2) public access to the reports threatens the privacy interests of third parties; and (3) public access to the reports would negatively impact employee morale and undermine recruitment efforts at the Colusa County Sheriff's Department.

Defendants rightly point out that privacy rights associated with the disclosure of police files is not inconsequential. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Soto*, 162 F.R.D. at 616. Here, Defendants argue that disclosing the names of third parties involved in the investigation threatens those parties with annoyance, embarrassment, and oppression, especially in the age of social media and public shaming. But Defendants' bald assertions fail to persuade the Court that public access to the names of County employees, medical personnel, or inmates poses a significant threat to third-party privacy rights. Indeed, the California Supreme Court has held that public employees' basic identifying information is generally not protected from disclosure. *Comm'n on Peace Officer Standards & Training v. Superior Court*, 42 Cal. 4th 278, 302 (2007); *see also Lissner v. U.S. Customs Serv.*,

241 F.3d 1220, 1223 (9th Cir. 2001) (noting that the privacy interests of public officials are somewhat reduced).

Defendants also argue that if the investigative reports are disclosed to the public, good candidates will not sign up for law enforcement and workplace morale will suffer.  It bears mentioning that the reports appear to exonerate all three correctional officers, which would arguably mitigate any negative impact to the Sheriff's Department's morale and recruitment efforts.  Moreover, although Defendants argue public disclosure will hinder officers' willingness to participate openly and effectively in investigations, the threat of scrutiny likely motivates police officers to conduct investigations that are "thorough, more accurate and better reasoned." *See Kelly*, 114 F.R.D. at 665.

As it is, the Court finds that Defendants' conclusory assertions about third-party privacy rights, recruitment, and workplace morale do not satisfy even the less stringent good cause standard.  *See Schmuckley*, 2020 WL 4898160, at *1 ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' do not satisfy the good cause standard.").  Further, the alleged harm does not outweigh the public interest in access to the investigative reports.  As such, the Court DENIES Defendants' request to seal.[2]

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Request to Seal Documents is hereby DENIED. (*See* ECF No. 30.)  The protective order entered on July 30, 2020 (ECF No. 27), is hereby modified to permit the public disclosure of the investigative reports.  Plaintiffs are ordered to file Exhibits L, M, and N to their motion to amend and the parties are ordered to file their request to seal and opposition thereto not later than seven (7) days from the electronic filing of this Order.

IT IS SO ORDERED.

DATED:  September 14, 2020

Troy L. Nunley
United States District Judge

---

[2] Defendants do not argue in the alternative that the investigative reports should be filed with redactions, nor do they identify specific contents of the reports that would warrant redaction. Therefore, Court declines to address whether the documents should be filed with redactions.