1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF HAILE NEIL, TARA
     KUCK, and MICHAEL NEIL,                    No.  2:19-cv-02441-TLN-DB
12

13                    Plaintiffs,

14           v.

15   COUNTY OF COLUSA, COLUSA
     COUNTY SHERIFF'S DEPARTMENT,              **ORDER**
16   and JOE GAROFALO,

17

18                    Defendants.

19          This matter is before the Court pursuant to Plaintiffs Estate of Haile Neil, Tara Kuck, and

20   Michael Neil's (collectively, "Plaintiffs") Motion to Amend.  (ECF No. 28.)  Also before the

21   Court are Defendant Joe Garofalo's ("Garofalo") Motion to Dismiss (ECF No. 10) and Plaintiffs'

22   Motion to Strike.  (ECF No. 13.)  All the pending motions have been fully briefed.  For the

23   reasons set forth below, the Court GRANTS Plaintiffs' Motion to Amend and DENIES the

24   remaining motions as moot.

25   ///

26   ///

27   ///

28

1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2        This case arises from the death of a pretrial detainee at Colusa County Jail.  (*See generally*

3    ECF No. 1.)  Plaintiffs are the decedent's parents, who commenced the instant action on

4    December 5, 2019 on behalf of themselves and the decedent's estate.  (*Id.*)  Defendants Colusa

5    County and Colusa County Sheriff's Department ("County Defendants") filed an answer on

6    January 23, 2020.  (ECF No. 9.)  On January 24, 2020, Garofalo filed a motion to dismiss.  (ECF

7    No. 10.)  On February 6, 2020, Plaintiffs filed a motion to strike affirmative defenses from

8    County Defendants' answer.  (ECF No. 13.)  On August 21, 2020, Plaintiffs filed the instant

9    motion to amend.  (ECF No. 28.)  Plaintiffs seek to add Officer Britney Cunningham ("Officer

10   Cunningham") as a Defendant, modify allegations to existing claims, and remove certain

11   Defendants from the Complaint.  (*Id*. at 5.)  As will be discussed, the Court grants Plaintiffs'

12   motion to amend.  Therefore, the Court need not and does not address the other pending motions,

13   which will be denied as moot.

14   **II.    STANDARD OF LAW**

15       Granting or denying leave to amend a complaint rests in the sound discretion of the trial

16   court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court

17   issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal

18   Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v.*

19   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16,

20   a plaintiff must show good cause for not having amended the complaint before the time specified

21   in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of

22   the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

23   Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no

24   reason for a grant of relief."  *Id.*  The focus of the inquiry is on the reasons why the moving party

25   seeks to modify the complaint.  *Id.*  If the moving party was not diligent, then good cause cannot

26   be shown, and the inquiry should end.  *Id.*

27       Even if the good cause standard is met under Rule 16(b), the Court has the discretion to

28   refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d

1    at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's

2    written consent or the court's leave," and the "court should freely give leave when justice so

3    requires."  The Ninth Circuit has considered five factors in determining whether leave to amend

4    should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

5    amendment; and (5) whether plaintiff has previously amended his complaint."  *In re W. States*

6    *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of*

7    *Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

8         **III.   ANALYSIS**

9              A.    <u>Rule 16</u>

10        Because the Pretrial Scheduling Order requires Plaintiffs to show good cause to amend at

11   this stage, Plaintiffs must first meet Rule 16's good cause standard.  (ECF No. 3 at 2.)

12        Defendants argue Plaintiffs have not been diligent in seeking leave to amend because

13   Plaintiffs knew the facts underlying the proposed amendments as early as September 5, 2019,

14   before they filed the Complaint and months before the deadline to amend established by the

15   Pretrial Scheduling Order.  (ECF No. 37 at 9, 16–24.)

16        Despite Defendants' arguments, the Court finds Plaintiffs have made a sufficient showing

17   of diligence.  Plaintiffs attribute any delay in seeking amendment to Defendants' "delayed

18   production of the in-custody death investigation reports for several months."  (ECF No. 28-1 at

19   10.)  Production of the investigative reports in question was initially sought by Plaintiffs on

20   January 30, 2020, before the Scheduling Order's deadline to amend.  (ECF No. 28-2 at 33; ECF

21   No. 3 at 2.) Defendants rejected Plaintiffs' request on April 13, 2020 because the investigation

22   was ongoing and indicated the reports would only be provided pursuant to a protective order after

23   the investigation was completed.  (ECF No. 28-2 at 40–41.)  The parties failed to reach a

24   Stipulated Protective Order and Defendants' subsequent motion for a protective order was denied

25   June 16, 2020.  (ECF Nos. 21, 24.)  After communicating throughout July 2020 (*See* ECF No. 28-

26   2 at 51–67), the parties reached an agreement on July 30, 2020, and the investigative reports were

27   provided the same day.  (*See* ECF No. 27; ECF No. 28-2 at 69–76.)  Less than a week later,

28   Plaintiffs informed Defendants of their intention to amend the Complaint based on information in

1    the investigative reports.  (ECF No. 28-2 at 77.)  After being provided with a copy of the

2    proposed amended complaint, Defendants informed Plaintiffs they would not stipulate to filing of

3    the amended complaint on August 19, 2020.  (*Id*. at 84.)  Plaintiffs filed the motion to amend two

4    days later on August 21, 2020, only three weeks after receiving the reports.  (ECF No. 28-1.)

5         Although Defendants argue the new facts alleged were included in prior disclosures

6    provided "nearly a year ago," they acknowledge that Plaintiffs base new allegations on

7    inaccuracies or other "errors" included in the investigative reports that differ from the information

8    in the disclosures.  (ECF No. 37 at 17–20, 22.)  Plaintiffs argue in their reply these inaccuracies

9    are the reason they are amending and the prior information from the disclosures is being added

10   now because it was not significant until these inaccuracies were discovered through the

11   investigative reports.  (*See* ECF No. 39.)  Based on the purported new facts and theories that

12   came to light once provided with the investigative reports, and the failed negotiations between the

13   parties, the Court finds that Plaintiffs were reasonably diligent in moving to amend such that they

14   satisfy Rule 16's good cause standard.  *See Johnson*, 975 F.2d at 609.

15                            B.    Rule 15

16        The Court now turns to whether Plaintiffs' motion to amend is proper under Rule 15.

17   Defendants argue amendment is improper as to all Rule 15 factors.  (ECF No. 37 at 16.)  The

18   Court considers each factor in turn.

19                            *i.      Bad Faith*

20        "Bad faith means acting with intent to deceive, harass, mislead or disrupt."  *Richard A.*

21   *Leines v. Homeland Vinyl Products, Inc.*, No. 2:18-cv-00969-KJM-DB, 2020 WL 6044037, at *4

22   (E.D. Cal. Oct. 13, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

23   There is bad faith when the moving party seeks leave to amend as a means "to prolong litigation

24   by adding new but baseless legal theories."  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880

25   (9th Cir. 1999).

26        Defendants make various arguments that Plaintiffs have alleged "untrue," "misleading,"

27   "demonstrably false," and "deliberately misunderstood" facts contradicting and ignoring

28   evidence.  (ECF No. 37 at 18–22, 24, 25.)  To the extent Defendants argue Plaintiffs' claims lack

                                          4

1  merit, a motion to amend is not the proper stage of litigation to address and adjudge the merits of

2  Plaintiffs' allegations. *See FlatWorld Interactives LLC v. Apple Inc.*, 12-cv-01956-WHO, 2013

3  WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013).  Defendants do not persuade the Court that

4  Plaintiffs acted with a dilatory motive or that the new facts sought to be introduced by Plaintiffs

5  are alleged in bad faith as a means "to prolong litigation." *Griggs*, 170 F.3d at 880.  As such, this

6  factor weighs in favor of granting leave to amend.

7                                            *ii.*        *Prejudice*

8            Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant

9  leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

10  "Prejudice results when an amendment would unnecessarily increase costs or would diminish the

11  opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin*

12  *Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011)

13  (citation omitted).  Courts have found amendments to be prejudicial when leave to amend is

14  requested as a discovery deadline nears or has already passed. *See*, *e.g.*, *Zivkovic v. S. Cal.*

15  *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*,

16  194 F.3d 980, 986 (9th Cir. 1999).

17            Defendants argue Officer Cunningham will be prejudiced by the proposed amendment

18  because being added to this lawsuit will "drag her into litigation for years" and Plaintiffs should

19  have included her in the original Complaint.  (ECF No. 37 at 17.)  However, Officer

20  Cunningham's alleged prejudice amounts to defending a lawsuit and does not rise to the

21  substantial level required to justify denying leave to amend at this early stage when there is no

22  trial date, no pending dispositive motion, and no indication discovery would need to be reopened.

23  *See BNSF*, 2011 WL 3228398 at *3–4.  Moreover, Defendants' arguments fail to establish how

24  allowing amendment would "unnecessarily increase costs or diminish" the existing Defendants'

25  ability to respond to the pleading.  *BNSF*, 2011 WL 3328398 at *2; *see also Leines*, 2020 WL

26  6044037 at *4.  Accordingly, this factor weighs in favor of granting leave to amend.

27  ///

28  ///

*iii.*        *Undue Delay*

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).  However, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Defendants argue the "new allegations stated in the proposed FAC demonstrate[] that Plaintiff knew or should have known of the 'new facts' giving rise to the proposed FAC" either pre-litigation or early in discovery and there is no "justifiable reason" for waiting as long as they did to seek leave to amend.  (ECF No. 37 at 16.)

The Court notes that even if Plaintiff's delay was unreasonable, that factor alone is insufficient to deny Plaintiff's motion, especially when the remaining Rule 15 factors weigh in favor of granting leave to amend.  *See Bowles*, 198 F.3d at 758.  However, as discussed, Plaintiffs delay was not unreasonable based on the relatively short amount of time between when Plaintiffs received the investigative reports and when Plaintiffs sought leave to amend.  Accordingly, the Court finds this factor also weighs in favor of granting leave to amend.

*iv.*        *Futility*

The Ninth Circuit has held that when an amendment is futile, "there [is] no need to prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Defendants argue the "state law claims alleged in the proposed FAC are futile" because Plaintiffs did not timely present a government claim and are collaterally estopped due to denial of a petition for leave to present a late claim.  (ECF No. 37 at 16, 26.)

The Court notes that Defendants are challenging claims that already exist in the original Complaint.  (*See* ECF No. 1.)  The sufficiency of these existing claims would be more

appropriately addressed in a properly noticed motion to dismiss. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied in a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than an opposition to a motion for leave to amend."). For the purposes of ruling on the instant motion, the Court finds this factor weighs in favor of granting leave to amend.

In sum, the Court finds that Plaintiffs have met Rule 16's good cause standard. The Court also finds the Rule 15 factors weigh in favor of granting Plaintiffs' motion because (1) such an amendment will not unduly prejudice Defendants, (2) there is no evidence Plaintiffs acted in bad faith, (3) there is no undue delay, and (4) there is no evidence the proposed amendment is futile.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (ECF No. 28) is hereby GRANTED. The Court ORDERS Plaintiffs to file their amended complaint not later than thirty (30) days from the electronic filing of this Order. Defendants shall file a responsive pleading no later than twenty-one (21) days after the filing of Plaintiffs' amended complaint.

In addition, Garofalo's Motion to Dismiss (ECF No. 10) and Plaintiffs' Motion to Strike (ECF No. 13) are DENIED as moot. The parties shall file a Joint Status Report with new proposed dates within thirty (30) days of electronic filing of this Order.

IT IS SO ORDERED.

Dated:  August 26, 2021

Troy L. Nunley
United States District Judge

7