UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HAILE NEIL, TARA KUCK, and MICHAEL NEIL<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF COLUSA, COLUSA COUNTY SHERIFF'S DEPARTMENT, and BRITTNEY CUNNINGHAM,<br><br>Defendants. | No. 2:19-cv-02441-TLN-DB<br><br>**ORDER** |

This matter is before the Court on the County of Colusa ("County"), the Colusa County Sheriff's Department ("CCSD"), and Brittney Cunningham's ("Cunningham") (collectively, "Defendants") Motion to Dismiss the First Amended Complaint ("FAC"). (ECF No. 48.) Plaintiffs the Estate of Haile Neil (the "Estate"), Tara Kuck ("Kuck"), and Michael Neil (collectively, "Plaintiffs") opposed the motion. (ECF No. 49.) Defendants replied. (ECF No. 51.) For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

///
///
///
///

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the death of Haile Neil ("Neil") while in the custody of the CCSD. (ECF No. 45 at 1.) Neil had a history of mental illness and had been hospitalized multiple times and attempted suicide twice. (*Id.* at 3.) After receiving treatment, Neil did well until she relapsed while off her medication in early February 2019. (*Id.*) On February 16, 2019, Neil stabbed a police officer in the shoulder after a struggle ensued during a traffic stop. (*Id.* at 3–4.) Neil was taken to the Colusa County Jail and her records designated her as someone with a "suicide history." (*Id.* at 4.) When her mother, Kuck, visited and advised staff that Neil had a mental health history, personnel assured her that Neil would receive mental health services and medication while incarcerated. (*Id.*) On April 2, 2019, Neil received a Mental Competency Evaluation, where the doctor determined she posed a "relatively high risk of harm to self." (*Id.* at 6.) On April 13, 2019, Neil deposited a request to meet with Mental Health Services into her cell's "black box," where inmates submit confidential medical request forms. (*Id.*)

On April 14, 2019, correctional officer Cunningham observed Neil acting unusual and withdrawn. (*Id.*) Neil refused recreation time for the second time in three days. (*Id.*) The Sheriff's Department did not determine her justification for doing so, contrary to CCSD policy. (*Id.*) On April 15, 2019, Cunningham conducted a safety check at 3:36 AM and observed Neil awake in her cell. (*Id.*) Sometime later, surveillance cameras captured movement outside of Neil's cell and the presence of a noose. (*Id.* at 8.) When Cunningham conducted another safety check at 4:45 AM, she found Neil hanging in her cell. (*Id.*) Cunningham called for help and waited for help to arrive before entering Neil's cell to cut her down. (*Id.*) Neil was transported to a hospital and found to be braindead. (*Id.*) She was later taken off life support and declared dead. (*Id.*)

Investigations by the Colusa County District Attorney's Office and CCSD found no wrongdoing but noted deficiencies in the department's performance. (*Id.* at 8–11.) These included Neil not being seen by health service staff in April, her request not being collected or reviewed, Cunningham's failure to report behavioral changes to other staff, and the long time between safety checks. (*Id.*)

On December 5, 2019, Plaintiffs filed the instant action. (ECF No. 1.) On September 29, 2021, Plaintiffs filed their FAC. (ECF No. 45.) It alleges nine claims: (1) denial of the right to medical care under the Fourteenth Amendment and 42 U.S.C. § 1983 ("§ 1983"); (2) denial of the right to familial association under the Fourteenth Amendment and § 1983; (3) denial of the right to familial association under the First Amendment and § 1983; (4) violation of the Rehabilitation Act ("RA") under 29 U.S.C. § 701; (5) violation of the Americans with Disabilities Act ("ADA") under 42 U.S.C. § 12101; (6) denial of the right to medical care under Cal. Gov't Code § 845.6 ("§ 845.6"); (7) violation of the Tom Bane Civil Rights Act under Cal. Civ. Code § 52.1; (8) negligence; and (9) wrongful death under Cal. Civ. Proc. Code § 377.60. (ECF No. 45.) On October 20, 2021, Defendants filed the instant motion to dismiss. (ECF No. 48.) Plaintiffs filed an opposition on November 4, 2021, and Defendants replied on November 10, 2021. (ECF Nos. 49 & 51.)

## II.    STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

4

1  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

In their motion to dismiss, Defendants move to dismiss all nine claims in Plaintiffs' FAC and their prayer for punitive damages. (ECF No. 48-1 at 3–16.) First, Defendants argue the state law claims are barred by the Government Claims Act. (*Id.* at 2.) Defendants further contend all nine claims should be dismissed for failure to state a claim, either as a matter of law or due to insufficient facts. (*Id.* at 3–15.) The Court will first address the issue of whether the state law claims are barred before addressing each claim in turn.

#### A.   Request for Judicial Notice

As a threshold matter, Defendants seek judicial notice of four documents, Exhibits A–D: (A) Plaintiffs' government claim (ECF No. 48-2 at 4–10); (B) the government's notice of rejection (*id.* at 11–13); (C) the superior court hearing transcript concerning the denial of Plaintiffs' petition for relief from the claims requirement (*id.* at 14–25); and (D) the order from the superior court denying the petition (*id.* at 26–29). Plaintiffs do not contest judicial notice of Exhibit A, but oppose judicial notice of Exhibits B, C, and D, arguing that they are not relevant to the resolution of Plaintiffs' government claim. (ECF No. 49 at 13–14.)

///

1    The Court may take judicial notice of facts that can be "accurately and readily determined
2    from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters
3    of public record, such as a government claim, are sources of this nature. *Smithee v. Cal. Corr.*
4    *Inst.*, No. 19-CV-00004-NE-JLT, 2020 WL 4813205, at *6 (E.D. Cal. Aug. 19, 2020). The
5    record of a state court proceeding is another. *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.
6    Supp. 2d 977, 984 (E.D. Cal. 2012); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th
7    Cir. 2012). The Court cannot accept the representations made in the state court documents as
8    true, but it may take judicial notice of the documents themselves and that those representations
9    were made. *NuCal Foods, Inc.*, 887 F. Supp. 2d at 984–85. Subject to this caveat, Defendants'
10   request for judicial notice of Exhibits A–D is GRANTED.

            B.    Dismissal Pursuant to the Tort Claims Act

12   Defendants argue the Estate is barred from bringing state law claims (Claims Six through
13   Eight) against the County and CCSD because it did not file a government claim. (ECF No. 48-1
14   at 3–6.) Specifically, Defendants argue the government lacked sufficient notice because Plaintiffs
15   failed to mention any damages being sought on behalf of the Estate in their government claim.
16   (*Id.* at 4 (citing *Nelson v. Cnty. of Los Angeles*, 113 Cal. App. 4th 787, 797 (2003)).) In
17   opposition, Plaintiffs contend their government claim — while not naming the Estate as a
18   claimant — provided the government with sufficient notice to enable an adequate investigation of
19   the claims. (ECF No. 49 at 17 (citing *Germaine-McIver v. Cnty. of Orange*, No. SACV 16-
20   01201-CJC(GJSx), 2018 WL 6258896 (C.D. Cal. Oct. 31, 2018)).)
21   Under the California Tort Claims Act ("CTCA"), no suit for damages may be brought
22   against a public entity until a written claim has been presented to it and either acted upon or
23   rejected. Cal. Gov't Code § 945.4. Failure to allege facts demonstrating or excusing compliance
24   with the claim presentation requirement is grounds for dismissal. *State v. Super. Ct.*, 32 Cal. 4th
25   1234, 1239 (2004). The purpose of the claim requirement is not to prevent surprise, but rather "to
26   provide the public entity sufficient information to enable it to adequately investigate claims and to
27   settle them," avoiding litigation costs. *Cal. Rest. Mgmt. Sys. v. City of San Diego*, 195 Cal. App.
28   4th 1581, 1598 (2011). To survive dismissal, the Complaint must provide more than "a bare

allegation that the Tort Claims Act has been followed." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009). However, it is sufficient for a plaintiff to plead facts "that a claim based on the events alleged in the complaint was presented to and rejected" by the entity. *Id.* Where multiple parties suffer distinct injuries from the same act, "each person must submit a claim, and one cannot rely on a claim presented by another." *Nelson*, 113 Cal. App. 4th at 796 (citing *Nguyen v. L.A. Cnty. Harbor/UCLA Med. Ctr.*, 8 Cal. App. 4th 729, 732–734 (1992)).

In the instant case, Plaintiffs did not identify the Estate as a claimant in their government claim. (ECF No. 48-2 at 7–8.) When Plaintiffs sought relief from the claims presentation requirement in the Colusa County Superior Court pursuant to California Government Code § 946.6, it was denied. (*Id.* at 26–29.) However, such an adjudication is not dispositive in this case, and "where there is a dispute regarding the public entity's finding of untimeliness, the claimant's recourse is to file a complaint on the merits." *See Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000) (noting § 946.6 petition addresses whether claimant should be relieved of obligations under the Government Claims Act, not the merits, and thus "[a] dispute over when a claim accrued is a question of whether the claimant has complied with the CTCA and is within a federal court's jurisdiction"). Thus, the Court has jurisdiction to determine whether the Estate is barred from filing suit because it was not explicitly named in the government claim.

In *Nelson*, a mother filed a government claim seeking damages for "the loss of a son" without naming his estate in the claim or mentioning any damage incurred by her son before his death. 113 Cal. App. 4th at 797. The court concluded that as the estate had not complied with the statutory requirements, the mother had not established any prejudice "as a result of her inability to pursue a claim on behalf of [her son's] estate," and nothing in the record suggested the mother could not recover medical or other expenses as her son's personal representative, the estate was thus barred from suit. *Id.* at 798.

Conversely, in *Germaine*, a mother failed to file a separate government claim on behalf of her deceased son's estate. 2018 WL 6258896, at *16. The court allowed a suit by the son's estate to go forward however, reasoning that "[w]hat matters is not that one form be submitted by

1 each injured party, but rather that the forms submitted contain 'sufficient information to enable
2 [the defendants] to adequately investigate claims.'" *Id.* (citing *Stockett v. Ass'n of Cal. Water*
3 *Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (1974)).  The court noted the government
4 claim "notified the County of the act (failure to provide medical care) that caused the claimed
5 injuries." *Id.*  The court also distinguished *Nelson*, noting that in this case the government claim
6 "explicitly mentions the County's failure to accommodate and provide medical care while in
7 custody, which are survival claims brought as a successor in interest." *Id.* (citing *Nelson*, 113
8 Cal. App. 4th at 797).  In the instant case, Plaintiffs' government claim offers far more detail than
9 the "loss of a son" described in *Nelson* and is more analogous to *Germaine* because it allowed the
10 government to adequately investigate the claim.  *See Nelson*, 113 Cal. App. 797; *Germaine*, 2018
11 WL 6258896, at *16.  The claim describes the actions of the County which led to Neil's death.
12 (ECF No. 48-2 at 7.)  Specifically, it describes her lack of mental health services, her suicide, and
13 the failure of officers to report changes in her behavior.  (*Id.*)  These allegations suggest the claim
14 was filed in something other than Plaintiffs' "individual capacity." *See Nelson*, 113 Cal. App. 4th
15 at 797.

16 With respect to damages being sought on behalf of the Estate, the government claim
17 alleged Kuck "advised the jailers of [Neil's] mental health history" and that Neil "had attempted
18 to take her own life in the past." (ECF No. 48-2 at 7.)  It further claimed Kuck was assured
19 "[Neil] would get mental health services" while incarcerated, yet she "went two months with no
20 access." (*Id.*)  Finally, the claim alleged Neil committed suicide after a jailer failed to report her
21 appearing "very quiet and depressed." (*Id.* at 8.)  These facts contained in the claim gave the
22 government notice its alleged failure to provide adequate medical care would possibly be litigated
23 in the future in the form of a survival claim.  As Plaintiffs indicate, "a survival claim is a
24 representative claim in which a successor in interest pursues a decedent's cause of action on
25 behalf of the estate." (ECF No. 49 at 15 (citing *Est. of Elkins v. Pelavo*, No. 1:13-CV-1483 AWI
26 SAB, 2020 WL 2571387, at *7 (E.D. Cal. May 21, 2020)).)

27 Based on the foregoing, Defendants' Motion to Dismiss Claims Six through Eight against
28 the County and CCSD pursuant to the Government Claims Act is DENIED.

C. <u>Claim One against Cunningham</u>

Plaintiffs' first claim alleges denial of the right to medical care under the Fourteenth Amendment and § 1983. (ECF No. 45 at 15.) Defendants move to dismiss this claim against Cunningham, arguing Plaintiffs failed to plead sufficient facts "demonstrating the prison official knew of and disregarded an excessive risk to [Neil's] health or safety." (ECF No. 48-1 at 6.) Specifically, they contend because Cunningham knew of Neil's medical treatment, it was proper for her to assume no further treatment was needed and thus there was no intentional decision to deny care. (*Id.* at 7.) Next, Defendants claim Cunningham's request for backup upon discovering Neil hanging from her cell does not constitute deliberate indifference. (*Id.*) In opposition, Plaintiffs contend they have stated a claim against Cunningham because they allege Cunningham was on notice of Neil's serious medical needs and made an intentional decision when she did not report Neil's abnormal behavior leading up to the suicide. (ECF No. 49 at 9–11.) Additionally, they claim her decision to wait for assistance, rather than immediately try to cut Neil down, constitutes deliberate indifference. (*Id.* at 10.)

A pretrial detainee has a right to protection under the Fourteenth Amendment. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). The elements of a failure to protect claim against an individual officer are: (1) an intentional decision by the defendant with respect to the conditions of plaintiff's confinement; (2) which put the plaintiff at substantial risk of suffering serious harm; (3) where the defendant did not take reasonable available measures to abate the risk — even though a reasonable officer would have appreciated the high degree of risk — making the consequences of the conduct obvious; and (4) the defendant caused the plaintiff's injuries by not taking such measures. *Id.* The defendant's conduct must be objectively unreasonable, an inquiry dependent on the "facts and circumstances of each particular case." *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiffs cite *Sandoval v. County of San Diego*, 985 F.3d 657, 680 (9th Cir. 2021), for the proposition that a jail official "who is aware that an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition." (ECF No. 49 at 10.) In *Sandoval*, the Ninth Circuit reversed summary judgment

for defendants where they had left an inmate unmonitored for hours despite signs he was under the influence of drugs, and then failed to quickly summon paramedics when they found him unresponsive.  985 F.3d at 661–62.  The court reasoned it was a constitutional violation to delay treatment for inmates exposed to pepper spray, or fail to promptly treat a fractured limb, and thus the same could be true for ignoring someone sweating and disoriented.  *Id.* at 680 (citing *Clement v. Gomez*, 298 F.3d 898, 902, 904–05 (9th Cir. 2002); *Jett v. Penner*, 439 F.3d 1091, 1097–98 (9th Cir. 2006)).

The same reasoning may be extended here.  With respect to the first element, Plaintiffs allege Cunningham "intentionally refused to provide . . . Neil with necessary medical care or treatment, or refused to transfer . . . Neil to a mental health facility that could provide such necessary care or treatment."  (ECF No. 45 at 15.)  With respect to the second element, Plaintiffs allege these aforementioned actions put Neil at a substantial risk of serious harm.  (*Id.*)  Plaintiffs allege Neil was known to be suicidal by staff, including Cunningham, and Cunningham observed unusual behavior from Neil, including her being withdrawn and refusing meals.  (*Id.* at 4, 6.)  Thus, with respect to the third element, Plaintiffs allege "a reasonable officer in the circumstances would have appreciated the high degree of risk involved."  (*Id.* at 15.)  Finally, Plaintiffs allege that these actions led to a violation of Neil's rights under the Fourteenth Amendment, as they allege she died because these measures were not taken by Cunningham, satisfying the fourth element.  (*Id.* at 15–16.)

Construing the facts in the light most favorable to Plaintiffs, they effectively state a facially plausible claim for denial of medical care under the Fourteenth Amendment and § 1983.  Thus, Defendants' Motion to Dismiss Claim One against Cunningham is DENIED.

### D. Claim One against the County and CCSD

Defendants also move to dismiss Plaintiffs' first claim against the County and CCSD on the basis that public entity defendants may not be held vicariously liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  (ECF No. 48-1 at 8–9.)  Defendants also contend in the alternative that the FAC fails to plead sufficient facts to establish liability against the County.  (*Id.* at 9.)  In opposition, Plaintiffs argue they allege enough

1 deficiencies in policies and customs to state a claim. (ECF No. 49 at 7–9 (citing ECF No. 45 ¶¶
2 63–69).) In reply, Defendants contend deficiencies in policy and medical care are not enough to
3 show "that the County or CCSD had a policy, practice, or custom of denying medical care to
4 inmates, or that any alleged policy, practice, [or] custom actually deprived Haile Neil of medical
5 care." (ECF No. 51 at 3.)

6 Liability may fall on a local governmental entity for failing to preserve constitutional
7 rights where: (1) the plaintiff possessed a constitutional right of which they were deprived; (2) the
8 entity had a policy; (3) the policy amounted to deliberate indifference of the constitutional right;
9 and (4) the policy was the "moving force behind the constitutional violation." *Oviatt By and*
10 *Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*,
11 489 U.S. 378, 389–91 (1989)). A policy is "a deliberate choice to follow a course of action . . .
12 made from among various alternatives by the official or officials responsible." *Pembaur v. City*
13 *of Cincinnati*, 475 U.S. 469, 481 (1986). A plaintiff must demonstrate an official policy
14 constitutes "deliberate indifference" to a constitutional right. *Oviatt*, 954 F.2d at 1477. Such
15 indifference is present where "the need for more or different action 'is so obvious, and the
16 inadequacy [of the current procedure] so likely to result in the violation of constitutional rights,
17 that the policymakers . . . can reasonably be said to have been deliberately indifferent to the
18 need.'" *Id.* at 1477–78 (citing *Canton*, 489 U.S. at 390).

19 In the instant case, it appears the written policies cited by Plaintiffs are designed to
20 guarantee the provision of medical care, rather than deny it. (ECF No. 49 at 6–7.) However,
21 collective inaction and failure to follow policies may still be a constitutional violation. *See*
22 *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019) (finding reasonable
23 jury might conclude constitutional deprivation resulted from the "collective inaction" of the
24 police department). Still, alleged policies may not be "overly broad" and must be supported by
25 allegations regarding systemic conditions. *See Mendoza v. Cnty. of San Bernardino*, No. EDCV
26 19-1056 JGB (SHKx), 2020 WL 2066142, at *7 (C.D. Cal. Feb. 21, 2020). Thus, while isolated
27 policy failures which harmed Neil may not constitute "deliberate indifference" on the part of
28 Defendants, more systematic failures may support a claim.

In paragraph 64 of the FAC, Plaintiffs set forth a number of what they allege are "deficient policies and customs." (ECF No. 45 at 11–14.) Among these include Defendants' failure to comply with the National Commission on Correctional Health Care's "Standards for Health Services in Jails," which includes sections on access to care, staffing, and a suicide prevention program which recommends "an active approach" in which "facilities where 24-hour mental health staff coverage is not present, designated health and/or custody staff should be able to initiate suicide precautions until the mental health clinician on call can be contacted for further orders." (*Id.* at 13–14.) With respect to the first element, as already established above, Plaintiffs adequately allege Cunningham was deprived of her Fourteenth Amendment right to medical care. (*Id.* at 15–16.) With respect to the second element, Plaintiffs allege Defendants' failure to comply with the "Standards for Health Services in Jails" constituted a policy. (*Id.* at 13–14.) With respect to the third element, Plaintiffs allege Defendants "have taken no substantial disciplinary or corrective action, despite the insufficiencies of the policies and customs or failure to comply with policies . . . including where [CCSD's] own administrative investigation of . . . Neil's in-custody death acknowledged violations of safety check policies." (*Id.* at 14.) Finally, with respect to the fourth element, Plaintiffs allege the County and CCSD "maintained policies or customs of action and inaction" that "result[ed] in the violation of . . . Neil's rights protected by the Fourteenth Amendment[.]" (*Id.* at 16.) The reasonable inference from these allegations is that the "policies or customs of inaction and action" were the "moving force" behind the constitutional violation.

Plaintiffs have thus stated a claim against the County and CCSD. Other policies of the Defendants, such as design flaws, camera monitoring, and inmate classification practices, may or may not satisfy these elements as well. (*Id.* at 12–14.) Thus, Defendants' Motion to Dismiss Claim One against the County and CCSD is DENIED.

        E.      <u>Claim Two</u>

Plaintiffs' second claim is for denial of the right to familial association against Cunningham under the Fourteenth Amendment and § 1983. (ECF No. 45 at 16.) Defendants argue Plaintiffs fail to plead sufficient facts to show Cunningham's actions "shock the

conscience" under both the purpose to harm or deliberate indifference standard.  (ECF No. 48-1 at 9–11.)  In opposition, Plaintiffs contend they have pleaded facts sufficient to show deliberate indifference and the purpose to harm standard does not apply because Cunningham's failure to act did not occur in circumstances where she could not deliberate but rather the conduct occurred "over the course of multiple days."  (ECF No. 49 at 11.)

Parents have a constitutionally protected interest in the companionship of their children under the Due Process Clause of the Fourteenth Amendment.  *See Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985), *overruled on other grounds by Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987).  To prevail on a claim for denial of the due process right to familial association, a plaintiff must show the conduct in question "shocks the conscience."  *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  To make this showing, a plaintiff must demonstrate the defendant acted with "deliberate indifference" or a "purpose to harm."  *See id.*  Where time exists for actual deliberation, "an officer's 'deliberate indifference' may suffice to shock the conscience."  *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013).  However, where there is an escalating situation requiring a snap judgment, the officer must act with a "purpose to harm" for the conduct to shock the conscience.  *Id.* (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).

In the instant case, this Court already found sufficient facts in Plaintiffs' FAC supporting a claim premised on deliberate indifference.  *See supra* Section III.C.  Plaintiffs sufficiently allege Cunningham's conduct plausibly constituted deliberate indifference.  Namely, her decision to not report Neil's behavioral changes was a conscious choice which extended over multiple days.  (ECF No. 45 at 6–11.)  Thus, Defendants' Motion to Dismiss Claim Two is DENIED.

F.    Claim Three

Plaintiff's third claim is for the right to familial association under the First Amendment.  (*Id.* at 17.)  Defendants argue this claim is duplicative of the second claim.  (ECF No. 48-1 at 11.)  In opposition, Plaintiffs assert the claims are not duplicative because the First and Fourteenth Amendment apply different standards.  (ECF No. 49 at 11–12 (citing *Est. of Osuna v. Cnty. of*

*Stanislaus*, 392 F. Supp. 3d 1162, 1177–78 (E.D. Cal. 2019)).)

The Ninth Circuit has held "that claims under the First *and* Fourteenth Amendment for unwarranted interference with the right to familial association could survive a motion to dismiss." *See Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (emphasis added) (finding the First Amendment protects "family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life'") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001)). Further, a court within this district has held a First Amendment familial association claim survives a motion to dismiss where the court has found sufficient allegations to support a Fourteenth Amendment familial association claim. *See Est. of Osuna*, 392 F. Supp. 3d at 1178 (denying defendants' motion to dismiss the First Amendment association claim as not duplicative of the Fourteenth Amendment association claim). Thus, Defendants' Motion to Dismiss Claim Three is DENIED.

### G.  Claims Four and Five

Plaintiffs' fourth and fifth Claims are for violations of the RA under 29 U.S.C. § 701 and the ADA under 42 U.S.C. § 12101, respectively, alleging Neil was denied medical care because of her mental disability.[1] (ECF No. 45 at 18–20.) Defendants argue Plaintiffs failed to plead sufficient facts demonstrating Defendants denied Neil services because of her disabilities. (ECF No. 48-1 at 11.) They also argue Neil was not denied any mental health services, claiming the FAC alleges she "received medical care throughout her incarceration." (*Id.* at 12 (citing ECF No. 45 ¶¶ 22, 30–32).) In opposition, Plaintiffs argue the FAC sufficiently alleges "Colusa County Mental Health Services did not meet with [Haile Neil] during the month of April" and failed to respond to her medical request form submitted two days before her death. (ECF No. 49 at 12 (citing ECF No. 45 ¶¶ 33, 35, 60).)

---

[1] Both parties agree these claims should be decided together — the only difference is a federal funding requirement for RA claims, which is undisputed here. (ECF No. 48-1 at 10; ECF No. 49 at 13); *see also Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (finding ADA and RA provide identical remedies, procedures, and rights). Thus, the Court will analyze the ADA claim and render an identical disposition for the RA claim.

"Both the ADA and the RA apply in the context of correctional facilities, and prohibit disabled inmates from being excluded from participation in inmate services, programs, or activities, including medical programs." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 1000 (E.D. Cal. 2017). The elements Plaintiffs must allege to state a claim under the ADA or RA for denial of treatment are: (1) plaintiff was an individual with a disability; (2) she was otherwise qualified to receive the benefit of a public entity's services; (3) she was denied the benefits of the public entity's services; and (4) such exclusion was because of her disability. *Id.* at 1000–01; *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010), *overruling on other grounds recognized by Rivera v. Sheppard*, 859 F. App'x 218 (9th Cir. 2021). Notably, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022.

In the instant case, Defendants do not contest the first two elements. (*See* ECF No. 48-1 at 11–12.) The FAC alleges Neil's Mental Competency Evaluation diagnosed multiple mental disabilities, including Major Depressive Disorder and Unspecified Personality Disorder, satisfying the first element of an ADA claim. (ECF No. 45 at 6.) This qualified her to receive mental health services from the Colusa County Jail, satisfying the second element. (*Id.* at 4.)

With respect to the third element, the Court must decide whether Defendants' actions or lack thereof is merely inadequate care or a complete denial. In *Atayde*, defendants failed to transfer a mentally disabled detainee to a specialized facility pursuant to a court order, and the detainee committed suicide. 255 F. Supp. 3d at 986. The court denied defendants' motion to dismiss, finding the third element was adequately pleaded despite the provision of mental health treatment at the jail, reasoning the failure to transfer the detainee pursuant to a state court order to a specialized facility was a complete denial of care. *See id.* at 1004. In the instant case, the Court finds Defendants are correct that Plaintiffs have failed to allege a distinct and complete denial of care. (*See* ECF No. 48-1 at 12.) Rather, the facts of this case as pleaded represent an unfortunate deficiency in care during a critical period. (*See* ECF No. 45.) Thus, Plaintiffs do not satisfy the third element.

///

Finally, Plaintiffs have also failed to satisfy the fourth element of an ADA claim for denial of services, as the FAC does not allege Neil was denied care because of her disability. (ECF No. 45 at 18–20). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Claims Four and Five with leave to amend.

### H.     Claim Six

Plaintiffs' sixth claim alleges denial of medical care in violation of California Government Code § 845.6. (*Id.* at 20–21.) Defendants argue Neil received medical care while at the jail, so Cunningham could not possibly fail to summon care if she knew Neil was already receiving it. (ECF No. 48-1 at 13.) In opposition, Plaintiffs contend both Cunningham's observance of Neil's "deteriorating mental health" and failure to immediately render aid after discovering her hanging constitute a denial of medical care under California law. (ECF No. 49 at 19.)

Generally, "[n]either a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov't Code § 845.6. However, liability for the employee and entity does exist where: (1) the employee knows or has reason to know of the medical need; (2) immediate care is required; and (3) the employee fails to take reasonable action to summon medical care. *Id.*; *see also Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013).

In the instant case, Plaintiffs allege in the FAC Cunningham's discovery of Neil's hanging and subsequent delay in rendering aid through first requesting backup. (ECF No. 45 at 6–11.) At this point, Cunningham was aware of Neil's medical need, and immediate care is required for someone in the process of hanging themselves. (*Id.* at 21.) Thus, elements one and two are sufficiently pleaded. With respect to element three, the FAC alleges Cunningham "failed to take reasonable action to summon such medical care." (*Id.*) The question of whether Cunningham's delay in waiting for backup was unreasonable is one for the jury. Thus, Plaintiffs have pleaded sufficient facts to state a facially plausible claim and survive dismissal. *See Est. of Claypole v. Cnty. of San Mateo*, No. 14-cv-02730-BLF, 2014 WL 5100696, at *8 (N.D. Cal. Oct. 9, 2014) (denying defendants' motion to dismiss, finding it unclear in the record whether the decision to

///

wait for backup before cutting down a hanging inmate could be reasonable). Accordingly, Defendants' Motion to Dismiss Claim Six is DENIED.

### I.  Claim Seven

Plaintiffs' seventh claim alleges a violation of the Tom Bane Civil Rights Act ("Bane Act") under California Civil Code § 52.1. (ECF No. 45 at 21.) Defendants argue Plaintiffs' claim lacks sufficient facts to show Cunningham had the specific intent to deprive Neil of a constitutional right. (ECF No. 48-1 at 13–14.) In opposition, Plaintiffs contend facts pleaded for the purpose of showing deliberate indifference also satisfy the specific intent standard. (ECF No. 49 at 20 (citing *M.H. v. Cnty. of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013)).)

The Bane Act creates a private right of action for violation of rights secured by the California or Federal Constitutions. Cal. Civ. Code § 52.1(b). The plaintiff must demonstrate specific intent behind the deprivation of the constitutional right. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017)). However, "such intent can be proven by evidence of recklessness." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019). Courts have also found that prisoners who sufficiently allege officials acted with deliberate indifference to their medical needs in violation of their constitutional rights also adequately allege a Bane Act violation. *See M.H.*, 90 F. Supp. 3d at 899.

In the instant case, the Court has identified facts sufficient to support a finding of deliberate indifference on the part of Cunningham. *See supra* Section III.C. Accordingly, Defendants' Motion to Dismiss Claim Seven is DENIED.

### J.  Claim Eight

Plaintiffs' eighth claim is for negligence under California law. (ECF No. 45 at 23.) Defendants argue such a claim is barred against the County and CCSD by California Government Code § 815 ("§ 815") because a public entity is not liable for common law negligence. (ECF No. 48-1 at 14.) Defendants also contend in the alternative that Cunningham neither owed nor breached a duty to Neil. (ECF No. 48-1 at 14–15.) Defendants argue because the jail provided Neil with medical care, Cunningham was under no duty to judge the sufficiency of that care and

1   request more. (*Id.*) In opposition, Plaintiffs assert their claim is not based on common law, but
2   on the violation of Neil's rights protected by § 845.6. (ECF No. 49 at 21.) Plaintiffs maintain
3   that jail officials owe a duty to protect inmates from foreseeable harm and that facts showing
4   deliberate indifference also support a claim of negligence under California state law. (*Id.* at 22.)

"A public entity is not liable for an injury" unless "otherwise provided by statute." Cal. Gov't Code 815. In the instant case, Plaintiffs referenced § 845.6 in the FAC as the basis for the negligence claim. (ECF No. 45 at 24.) Thus, it is not barred by § 815.

A claim for negligence requires a plaintiff to show (1) a legal duty to use due care; (2) a breach of that duty by the defendant; and (3) the breach as the proximate or legal cause of the resulting injury. *Vasilenko v. Grace Fam. Church*, 3 Cal. 5th 1077, 1083 (2017). "In California, prison officials owe detainees a duty to protect them from foreseeable harm." *Cotta v. Cnty. of Kings*, 686 F. App'x 467, 468 (9th Cir. 2017). Indeed, "[t]he state imposes a heightened duty of care on jailers, due to prisoners' increased vulnerability while incarcerated." *Edison v. United States*, 822 F.3d 510, 521 (9th Cir. 2016). The Ninth Circuit has noted "state law avenues for relief are substantially broader than those available under the federal constitution through § 1983." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 373 (9th Cir. 1998).

In the instant case, with respect to the first element, the FAC alleges "Cunningham, acting or purporting to act in the performance of her official duties as a law enforcement officer," owed Neil a duty of care. (ECF No. 45 at 23.) With respect to the second element, the FAC alleges Cunningham breached this duty by summarizing the conduct set forth in Plaintiffs' claims for a violation of the Fourteenth Amendment, the RA, the ADA, California Government Code § 845.6, and negligence, and alleging Cunningham failed to comply with Cal. Code Regs. tit. 15 § 1027.5. (*Id.* at 23–24.) As stated previously, Plaintiff sufficiently alleges claims for a violation of the Fourteenth Amendment and California Government Code § 845.6. Finally, Plaintiffs allege these actions were the cause of Neil's death, satisfying the third element. (*Id.*) Accordingly, Defendants' Motion to Dismiss Claim Eight is DENIED.

///

///

18

K. <u>Claim Nine</u>

Plaintiffs' ninth claim is for wrongful death pursuant to California Civil Procedure Code § 377.60 ("§ 377.60"). (ECF No. 45 at 24.) Defendants argue § 377.60 merely establishes standing for any claims based on Neil's death. (ECF No. 48-1 at 15.) Thus, they contend the ninth claim should be dismissed if the other eight claims are dismissed. (*Id.*) In opposition, Plaintiffs argue § 377.60 is a separate cause of action and the same conduct giving rise to all the other claims serves as the predicate "wrongful act" in this cause of action. (ECF No. 49 at 22–23.)

Since the Court is not dismissing all other claims, Defendants' argument is moot. Therefore, the Court need not address whether § 377.60 creates a separate right of action. Accordingly, Defendants' Motion to Dismiss Claim Nine is DENIED.

L. <u>Prayer for Punitive Damages Against Cunningham</u>

Plaintiffs seek punitive damages against Cunningham.[2] (ECF No. 45 at 26.) Defendant argues the prayer of punitive damages against Cunningham should be dismissed because Plaintiffs have failed to plead her conduct "was driven by evil motive or intent" or "involved a reckless or callous indifference" to Neil's constitutional rights. (ECF No. 48-1 at 16 (citing *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993)).) In opposition, Plaintiffs contend a pleading of deliberate indifference also meets the threshold for an award of punitive damages under both federal and state law. (ECF No. 49 at 24.)

Under federal law, a jury may award punitive damages in § 1983 actions where the defendant's conduct involved "evil motive or intent," or "a reckless or callous indifference to the constitutional rights of others." *Morgan*, 997 F.2d at 1255 (internal citation omitted). A court in this district has held a claim for deliberate indifference requires a showing of something similar to callous indifference. *See Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1090 (E.D. Cal. 2018) (finding an allegation of deliberate indifference "requires a showing of 'something akin to reckless disregard'" which is analogous to "reckless or callous indifference"). In this case, since

---

[2] Defendants devote a section of their brief to arguing punitive damages against the County and CCSD are barred as a matter of law. (ECF No. 48-1 at 15–16.) However, Plaintiffs do not seek such damages in their FAC against the County and CCSD (ECF No. 45 at 26–27), and so the Court will not address this issue.

Plaintiffs have effectively pleaded deliberate indifference, punitive damages may be awarded against Cunningham under any federal law claims.

Under state law, punitive damages are awarded for acts involving "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Malice includes "conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). California courts have held the standards of callous indifference and conscious disregard to be analogous. *See Weisman v. Blue Shield of Cal.*, 163 Cal. App. 3d 61, 65–66 (1984) (holding "a conscious and callous indifference to, or disregard of, probable harm" to support an award of punitive damages). Thus, Plaintiffs have pleaded facts sufficient to support a claim for punitive damages under both federal and state law. Accordingly, Defendants' Motion to Dismiss Plaintiffs' prayer for punitive damages is DENIED.

## IV.  CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss as follows:

1. Defendants' Motion to Dismiss Claims One, Two, Three, Six, Seven, Eight, Nine, and Plaintiffs' prayer for punitive damages is DENIED; and
2. Defendants' Motion to Dismiss Claims Four and Five is GRANTED with leave to amend.

Plaintiffs may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendants' responsive pleading is due within twenty-one (21) days of the electronic filing date of Plaintiffs' amended complaint.

IT IS SO ORDERED.

**DATED: September 14, 2022**

Troy L. Nunley
United States District Judge