UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HAILE NEIL, TARA KUCK, and MICHAEL NEIL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF COLUSA, COLUSA COUNTY SHERIFF'S DEPARTMENT, and BRITTNEY CUNNINGHAM,<br><br>Defendants. | No. 2:19-cv-02441-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Estate of Haile Neil, Tara Kuck, and Michael Neil (together "Plaintiffs") Motion to Strike Affirmative Defenses from Defendants' Answer to the Second Amended Complaint. (ECF No. 55-1.) Defendants County of Colusa, Colusa County's Sheriff's Department, and Brittney Cunningham (together "Defendants") filed an opposition. (ECF No. 56.) Plaintiffs filed a reply. (ECF No. 58.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the in-custody death of Haile Neil ("Decedent"), a pretrial detainee at the Colusa County Jail, resulting from her attempted suicide by hanging on April 15, 2019. (ECF No. 53.)  Plaintiffs filed the Complaint initiating this action on December 5, 2019.  (ECF No. 1.)  Plaintiffs filed the operative Second Amended Complaint ("SAC") on September 7, 2022.  (ECF No. 53.)  Defendants filed their Answer to the SAC on October 7, 2022.  (ECF No. 54.)  On October 21, 2022, Plaintiffs filed the instant motion seeking to strike Defendants' first, fifth, ninth, and tenth affirmative defenses.  (ECF No. 55-1.)

### II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) motions, however, are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id*.  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

In *Wyshak*, the Ninth Circuit stated: "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.  Under the fair notice standard, a defendant is only required to "state the nature and grounds for the affirmative defense" rather than plead a detailed statement of the facts upon which the defense is based. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id*. (quotation omitted).  The pleadings are only required to describe each defense in "general terms" if it gives the plaintiff fair notice of the

2

nature of the defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). For well-established defenses, merely naming them may be sufficient. *See Ganley v. Cnty. of San Mateo*, No. 06-cv-3923-TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007).

"If a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery." *Springer v. Fair Isaac Corporation*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010)).

This Court has previously found that the heightened pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does not apply to affirmative defenses asserted in a defendant's answer. *Dodson v. Gold Country Foods, Inc.*, No. 2:13-cv-0336-TLN-DAD, 2013 WL 5970410 (E.D. Cal. Nov. 4, 2013). Although Plaintiffs argue that the heightened pleading standard set forth in *Twombly* and *Iqbal* should be applied to affirmative defenses, the Court disagrees. Therefore, the Court analyzes Plaintiffs' motion under the *Wyshak* "fair notice" standard.

### III.  ANALYSIS

In their motion, Plaintiffs argue Defendants' defenses should be stricken because Defendants' do not specify which claim or claims a defense applies or which of the Defendants is asserting it. (ECF No. 55-1 at 11, 13.) Plaintiffs argue the defenses are insufficient as a matter of law to the extent they do not apply to certain claims and/or certain Defendants and insufficient and as a matter of pleading because they do not give fair notice as to what claim or which defendant asserts the defense. (*Id.* at 11, 13, 15.) However, Plaintiffs fail to establish the specificity they advance is necessary as a matter of law, and they point to no authority that requires striking affirmative defenses for the reasons outlined above.

Plaintiffs cite to opinions from other courts in this district for support. *See Butcher v. City of Marysville*, 398 F. Supp.3d 715 (E.D. Cal. 2019) (striking defenses for failing to specify that the defense only applies to some of the claims); *Neylon v. County of Inyo*, No. 1:16-CV-0712

AWI JLT, 2017 WL 3670925 (E.D. Cal. Aug. 25, 2017) (striking defenses for failing to specify which of the defendants asserted it). However, the Court is not persuaded by these decisions and declines to adopt their reasoning. *See Vargas v. Cnty. of Yolo*, No. 2:15-CV-02537-TLN-CKD, 2016 WL 3916329, at *6 (E.D. Cal. July 6, 2016) (holding a defense provided fair notice even though it did not specify that it only applied to some of the plaintiffs' claims and did not specify which of the six named defendants was asserting it); *Kuar v. City of Lodi*, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *2–3 (E.D. Cal. Feb. 17, 2016) (explicitly declining to strike any defenses for failing to identify to which claim(s) they were applicable); *Jing Jing Yao v. City of Folsom*, No. 2:16-cv-02609-MCE-AC, 2017 WL 1383274, at *2 (E.D. Cal. Apr. 18, 2017) (same).

### A. First Affirmative Defense: Failure to State a Claim

Plaintiffs move to strike Defendants' first affirmative defense, which alleges failure to state a claim, because they argue it is not a proper affirmative defense. (ECF No. 55-1 at 10.) Defendants argue the defense is properly pled because, although the Court previously denied their motion to dismiss, they may still litigate the issue on a motion for summary judgment. (ECF No. 56 at 4–5.)

The Court agrees with Plaintiffs. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiffs'] prima facie case ... [and] is more properly brought as a motion." *Powell v. Union Pac. R. Co.*, 864 F.Supp.2d 949, 962–63 (E.D. Cal. 2012). Because failure to state a claim is not a proper affirmative defense, Plaintiffs' motion to strike Defendants' first affirmative defense is hereby GRANTED without leave to amend.

### B. Fifth Affirmative Defense: Discretionary Immunity

Plaintiffs move to strike Defendants' fifth affirmative defense, which asserts discretionary immunity on behalf of the public entity and public employee defendants under California Government Code § 820.2, because they argue § 820.2 does not apply to public entities and the acts and omissions at issue in this case were "ministerial in nature, not discretionary." (ECF No. 55-1 at 11.) In addition, Plaintiffs argue the defense is insufficient as a matter of pleading because Defendants have not alleged "which discretionary conduct by which employee" is

1 | subject to immunity.  (*Id*. at 12) (emphasis omitted).

2 | In opposition, Defendants argue the SAC alleges numerous discretionary actions that implicate discretionary immunity, including those related to staffing, layout of the jail, and discipline of employees.  (ECF No. 56 at 5.)

California Government Code § 820.2 provides: "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov't. Code § 820.2.  "In applying this statute, 'courts must distinguish between public employee's [sic] policy decisions and their operational, or ministerial decisions.'"  *Alexander v. Cal. Dept. of Corr. and Rehab.*, No. 2:11-cv-0640 TLN CKD, 2014 WL 7336668, at *5 (E.D. Cal. Dec. 24, 2014) (quoting *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).  "The former are protected by § 820.2; the latter are not."  *Id*.

Defendants, citing § 820.2, assert discretionary immunity on behalf of public entities and public employees.  (ECF No. 54 at 16).  Plaintiffs argue § 820.2 immunity "by its express terms" only applies to public employees.  (ECF No. 55-1 at 11–12) (quoting *Ariosta v. Fallbrook Union High School Dist*., No. 08-cv-24210-AJB, 2009 WL 1604569, at *4 (S.D. Cal. June 4, 2009)).  However, in *Kuar*, the Court construed public entity defendants' assertion of § 820.2 immunity as fair notice of the defendants' intent to extend the immunity of their employees under § 820.2 to themselves pursuant to § 815.2(b), which was cited elsewhere in the defendants' answer.  *Kuar*, 2016 WL 627308, at *4.  Here, Defendants cite § 815.2 elsewhere in their answer.  (*See* ECF No. 54 at 17).  Therefore, the Court finds Defendants provide fair notice of their intent to extend § 820.2 immunity, asserted on behalf of their employees, to Defendants County of Colusa and County of Colusa Sheriff's Department.

Plaintiffs also argue this defense is insufficient as a matter of law because Defendants' alleged actions were non-discretionary.  (ECF No. 55-1 at 11.)  However, "[f]ederal courts are very reluctant to determine disputed or substantial issues of law such as a discretionary versus non-discretionary functions on a motion to strike; these questions quite properly are viewed as best determined only after further development."  *Kuar*, 2016 WL 627308, at *3 (internal citation

5

1   and brackets omitted). Accordingly, the Court declines to determine whether Defendants' actions
2   were discretionary or non-discretionary at this stage.

3   Finally, the Court finds this defense is sufficiently pled. The defense asserts a state law
4   immunity provision, describes that provision, and alleges discretionary actions subject to that
5   immunity. (ECF No. 54 at 16.) This is more than sufficient under the fair notice standard. *See*
6   *Kohler v. Islands Rests., LP*, 280 F.R.D. at 564 (holding a defendant is only required to "state the
7   nature and grounds for the affirmative defense").

8   Because this defense is sufficient as a matter of law and as a matter of pleading, Plaintiffs'
9   motion to strike Defendants' fifth affirmative defense is hereby DENIED.

10              C.   Ninth Affirmative Defense: Whole-Act Pleading

11  Defendants' ninth affirmative defense asserts immunities under various California state
12  law provisions and alleges Decedent "received reasonable and appropriate medical services and
13  treatment at the Jail," Defendants "are immune from Plaintiffs' allegations regarding the exercise
14  of discretion," and "Plaintiff Estate of Haile Neil did not timely present a government claim."
15  (ECF No. 54 at 17.)

16  Plaintiffs move to strike this defense because they argue it is barred by "the law of the
17  case" doctrine based on this Court's holding in its September 16, 2022, Order denying in part
18  Defendants' motion to dismiss. (ECF No. 55-1 at 13 (finding Plaintiff adequately pleaded facts
19  supporting a timely presented government claim).) Plaintiffs also argue this defense is
20  insufficient as a matter of pleading because it constitutes improper "whole-act," boilerplate
21  pleading. (*Id*. at 13–14.)

22  As to legal sufficiency, Defendants argue they seek to preserve this defense in the event it
23  is viable on a motion for summary judgment or at trial. (ECF No. 56 at 6.) As to pleading
24  sufficiency, Defendants argue the defense includes factual allegations and identifies specific
25  statutes, not whole acts, such that Plaintiffs are on fair notice of which defenses are being
26  asserted. (*Id*.)

27  The Court agrees with Defendants. "Under the 'law of the case' doctrine, a court is
28  ordinarily precluded from reexamining an issue previously decided by the same court, or a higher

1 court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988).
2 However, even if a court holds a plaintiff's allegations on an issue are sufficient to survive a
3 motion to dismiss, a defendant "may again challenge [that issue] at summary judgment or at trial
4 where Plaintiff will be unable to sustain his action on mere allegations." *Peacock v. Pabst*
5 *Brewing Company, LLC*, No. 2:18-cv-00568-TLN-CKD, 2022 WL 446201, at *4 (E.D. Cal. Feb.
6 14, 2022). Here, although the Court previously held Plaintiffs adequately pleaded a timely
7 government claim (ECF No. 52 at 6–8), the Court did not determine that Plaintiff in fact did so as
8 a matter of law. Accordingly, the Plaintiff's law of the case argument fails, and Defendants may
9 challenge Plaintiffs' compliance with the Government Claims Act in later stages of litigation. *See*
10 *Peacock*, 2022 WL 446201, at *4 (declining to strike an affirmative defense that was previously
11 rejected by the Court on the defendant's motion to dismiss).

12 Plaintiffs also argue this defense is "whole-act" or "boilerplate" pleading, which does not
13 provide sufficient notice of the defense. However, this Court has held the assertion of immunity
14 through applicable codes and statutes is sufficient to meet pleading requirements. *See Vargas*,
15 2016 WL 3916329, at *6. In *Vargas*, the Court held a defense, which asserted "defenses and all
16 rights granted to them and each of them by virtue of provisions of the California Government
17 Code Sections 810–996.6," provided plaintiffs fair notice. (*Id.*)

18 Here, Defendants' list California Government Code sections containing various
19 "privileges, immunities, and limitations" (ECF No. 54 at 17) is even more specific than the block
20 of code sections pleaded in *Vargas*. Defendants' list of specific state law immunity provisions, as
21 well as several statements of the underlying factual basis for the defense, are sufficient to provide
22 fair notice to Plaintiffs of the defenses Defendants intend to assert in this case.

23 For these reasons, Plaintiffs' motion to strike Defendants' ninth affirmative defense is
24 hereby DENIED.
25 ///
26 ///
27 ///
28 ///

7

1             D.  Tenth Affirmative Defense: Eleventh Amendment Immunity

2     Plaintiffs move to strike Defendants' tenth affirmative defense, which asserts Eleventh

3 Amendment immunity, because they argue Eleventh Amendment immunity does not apply to any

4 of the three Defendants. (ECF No. 55-1 at 15.) Plaintiffs also argue this defense lacks sufficient

5 supporting facts. (*Id.*)

6     Eleventh Amendment immunity does not apply to counties (*Mt. Healthy City Sch. Dist.

7 Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)) or to state officials sued in their individual

8 capacities (*Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *see also McNack v. Warren*, No. CIV. 99-

9 1121-KI, 2000 WL 230341, at *1 (D. Or. Mar. 1, 2000)). In addition, the Ninth Circuit has held

10 California sheriff's departments do not act as an arm of the state when administering county jails

11 and, therefore, are not entitled to Eleventh Amendment immunity for § 1983 claims arising from

12 that function. *See Cortez v. Cnty. of L.A.*, 294 F.3d 1186, 1189 (9th Cir. 2002) (holding that a

13 sheriff is a county actor when administering jails and was therefore subject to suit under § 1983);

14 *Streit v. Cnty. of L.A.*, 236 F.3d 552, 564–65 (9th Cir. 2001) (same); *Jackson v. Barnes*, 749 F.3d

15 755, 764 (9th Cir. 2014) (collecting cases).

16     Defendants contend at this stage in litigation it is not clear whether any of Plaintiffs'

17 allegations relate to Defendants as an operating arm of the state. (ECF No. 56 at 7.) Plaintiffs are

18 correct that this defense does not apply to Defendant Colusa County or to Defendant

19 Cunningham, as she has been sued only in her individual capacity (ECF No. 53 at ¶ 10).

20 However, Defendants' argument that some of Defendant Colusa County Sheriff's Department's

21 actions may be covered by Eleventh Amendment immunity "raise[s] an issue of fact or law," and,

22 therefore, the motion to strike must be denied. *Springer*, 2015 WL 7188234, at *2. In addition,

23 because Defendants have stated the nature and grounds of their defense, it provides fair notice.

24 *See Kohler v. Islands Rests., LP*, 280 F.R.D. at 564.

25     Because Defendants have provided fair notice of their defense, Plaintiffs' motion to strike

26 Defendants' tenth affirmative defense is hereby DENIED.

27 ///

28 ///

8

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Strike. (ECF No. 55-1.) The Court STRIKES the first affirmative defense without leave to amend. The motion is DENIED as to the fifth, ninth, and tenth affirmative defenses.

Date: June 12, 2023

_____
Troy L. Nunley
United States District Judge